UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOYE FARMS, INC.,

    Plaintiff,

v.                                          CASE NO: 8:08-cv-629-T-26MAP

JACKSON'S FARMING COMPANY,
DEBORAH JACKSON, and WILLIAM
JACKSON,

    Defendants.
_____/

**O R D E R**

Upon due consideration of Plaintiff's submissions,[1] it is ordered and adjudged that Plaintiff's Motion for Temporary Restraining Order Without Notice (Dkt. 2) is granted because Plaintiff has demonstrated that immediate, irreparable injury and loss will result from dissipation of assets subject to the statutory trust established by the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499(c), before Defendants can be heard in opposition.

It is further ordered and adjudged as follows:

1) Defendant Jackson's Farming Company, and the individual Defendants, Deborah Jackson and William Jackson (hereafter the Jackson Defendants) are temporarily restrained from dissipating the statutory trust under which Plaintiff is a perfected beneficiary pursuant to PACA.

---

[1] See dockets 1, 2, 3, and 4.

2) The Jackson Defendants are directed to pay to Plaintiff's through its counsel of record, or deposit into the Court registry the amount of $30, 537.61, which represents monies and principal subject to the aforementioned statutory trust, including all receivables and monies currently in the possession of the Jackson Defendants from the sale of perishable commodities or, if such funds cannot be deposited with the Court, then in an interest bearing escrow account with a federally insured financial institution.  The Jackson Defendants shall comply with the directives of this paragraph forty-eight hours prior to the hearing scheduled on Plaintiff's Motion for Preliminary Injunction.

3) The Jackson Defendants are directed to provide the Court and Plaintiff with a detailed accounting of the Defendant Jackson Farming Company's financial affairs including, but not limited to, records concerning the assets, bank accounts, accounts receivables, amounts payable, including a list of PACA trust creditors, operating expenses and sales, so that the Court may adequately assess the disposition of the PACA trust *res*.  The Jackson Defendants shall comply with the directives of this paragraph 48 hours prior to the hearing scheduled on Plaintiff's Motion for Preliminary Injunction.

4) A hearing is scheduled on Plaintiff's Motion for Preliminary Injunction on Monday, April 14, 2008, at 8:30 a.m., in Courtroom 15B, United States Courthouse, 801 North Florida Avenue, Tampa, Florida, at which time the Jackson Defendants shall appear and show cause, if any, why Plaintiff's Motion for Preliminary Injunction should not be granted.

5) The Jackson Defendants shall file a response to Plaintiff's Motion for Preliminary Injunction on or before April 11, 2008.

6) Plaintiff's counsel shall immediately serve the Jackson Defendants with the complaint, the other submissions, and a copy of this order and shall file proof of service with the Court no later than 24 hours prior to the hearing scheduled on Plaintiff's Motion for Preliminary Injunction.

7) Because the Jackson Defendants are already in possession of $30,537.61 of Plaintiff's PACA trust assets, no bond shall be required.

8) This order shall remain in full force and effect for 10 days from the date of entry.

**DONE AND ORDERED** at Tampa, Florida, on April 4, 2008, at 3:15 p.m.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record